CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 6 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES ALBERT BUMBRY, JR., | ) | Case No. 7:05cv00379 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |
| | ) | |

Petitioner James Albert Bumbry, Jr., brings this petition pursuant to 28 U.S.C. § 2255, claiming sentencing error and ineffective assistance of counsel. This matter is before the court on the respondent's motion to dismiss. The court finds that Bumbry has defaulted his claim of sentencing error and that his ineffective assistance claim is meritless. Accordingly, the court dismisses his petition.

**I.**

On March 20, 2002, a grand jury indicted Bumbry on two counts of uttering counterfeit obligations. Pursuant to a written plea agreement, Bumbry pled guilty to both charges. On August 9, 2002, the court sentenced Bumbry to concurrent senences of twelve months and one day for each count, thirty months supervised release, and $500 in restitution. Bumbry was released from custody on May 25, 2003, and on December 20, 2003, police arrested him for possessing a firearm. On May 7, 2004, Bumbry pled guilty to violating the terms of his supervised release by possessing the firearm, by failing to report a change in his address and/or place of employment, and by failing to pay restitution. The court sentenced Bumbry to consecutive twenty-four month terms. Bumbry did not appeal his sentence. In his § 2255 petition, Bumbry claims that the court erred by imposing consecutive sentences when his sentences for the underlying offenses ran concurrently and that counsel was ineffective by failing to object to the consecutive sentences.

## II.

A petitioner may not raise for the first time in his § 2255 petition a claim which he could have raised but did not raise on direct appeal unless the petitioner establishes cause and prejudice capable of excusing his default. . Bousley v. United States, 523 U.S. 614 (1998). Bumbry did not raise his sentencing error claim on appeal and has not shown cause and prejudice to excuse his default, so the court dismisses his claim.

## III.

In order to establish ineffective assistance, Bumbry must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's alleged error, the outcome of his hearing would have been different. Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Bumbry claims that counsel was ineffective for failing to object to the court's imposition of consecutive sentences for his supervised release violations. However, the court's imposition of consecutive sentences for Bumbry's violations was not erroneous. See United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998) (holding that the court may impose consecutive sentences for supervised release violations even if the terms of imprisonment on the underlying convictions were concurrent). Therefore, an objection from Bumbry's counsel would not have altered the outcome of the sentencing. Thus, the court finds that Bumbry has not demonstrated prejudice stemming from counsel's performance and dismisses Bumbry's ineffective assistance claim.

## IV.

The court grants the respondent's motion to dismiss Bumbry's § 2255 petition.

2

ENTER: This 6th day of October, 2005.

_____
United States District Judge